IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-12979 MER |
| EDSON PAMITTAN MALLO ) | |
| LIANA CAROL MALLO ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| EDSON PAMITTAN MALLO ) | Adversary No. 11-1624 MER |
| LIANA CAROL MALLO ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | Signed/Docketed |
| Defendant. ) | January 3, 2013 |

**ORDER**

THIS MATTER comes before the Court on the *Motion for Summary Judgment* filed by Plaintiffs Edson and Liana Mallo (collectively, the "Mallos") and the *United States' Motion for Summary Judgment* filed by Defendant Internal Revenue Service ("IRS").

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) as it concerns the dischargeability of a particular debt.

**BACKGROUND FACTS**

The Mallos filed their voluntary Chapter 13 petition on February 18, 2010 (the "Petition Date"). Their schedules list the following debts owed to the Internal Revenue Service ("IRS"): $7,302 in secured debt; $535 in priority unsecured debt; and $13,342 in general unsecured debt. Their Chapter 13 plan was confirmed April 14, 2010, and provided for the payment of the $535 priority IRS debt, and payment of the IRS's secured debt in the amount of $7,537 ($7,302 plus 4% interest).

On March 23, 2011, the Mallos converted their case to a case under Chapter 7, and Dennis King was appointed Chapter 7 trustee. The Mallos received a Chapter 7 discharge on July 5, 2011.

On September 17, 2011, the Mallos filed the instant adversary proceeding against the IRS. The tax years for which the Debtors seek a finding of dischargeability are 2000 and 2001. For 2000 and 2001, the IRS filed Substitutes For Returns pursuant to 26 U.S.C. § 6020(b).[1]

On April 6, 2007, the Mallos filed their own original tax return for 2001, and on October 7, 2007, the Mallos filed their own original tax return for 2000. On December 10, 2007, the IRS adjusted its assessment to match the Mallos' 2000 tax return. The IRS adjusted its assessment to match the Mallos' 2001 tax return on June 11, 2007. Thus, the Mallos assert the taxes for 2000 and 2001 have been assessed, and there are no additional assessable taxes on these periods.

According to the Complaint, the IRS has initiated collection action on the taxes owed for 2000 and 2001. The Complaint alleges such collection action constitutes a violation of the permanent injunction against collection actions created by the discharge order pursuant to 11 U.S.C. § 524.[2] The Complaint contains the following claims for relief: 1) an order determining the nondischargeability provisions of § 523(a)(1) do not apply to the 2000 and 2001 tax periods; 2) an order finding the discharge order issued on July 5, 2011, applies to the 2000 and 2001 tax periods; and 3) an award of attorney fees, costs and expenses.

The IRS's Answer, filed October 20, 2011, admits 1) the tax periods at issue in this matter are 2000 and 2001; 2) the IRS assessed year 2001 taxes against Mrs. Mallo on July 11, 2005; 3) the IRS assessed year 2000 taxes against Mr. Mallo on July 10, 2006; 4) these assessments were based on notices of deficiency previously issued to the Mallos; and 5) the IRS made adjustments to the Mallos' 2000 and 2001 accounts after the Mallos filed their Forms 1040 on

---

[1] This statute permits the Secretary of the Treasury to prepare a return for any person who fails to do so as required by law, using his own knowledge and any information he can obtain. *See Bergstrom v. United States (In re Bergstrom)*, 949 F.2d 341, 343 (10th Cir. 1991). However, the taxpayer must sign the substitute return before it can be accepted as a return filed by the taxpayer, and the filing of a Substitute for Return does not excuse the taxpayer from filing his own return. *Id.* (citing 26 U.S.C. § 6020(a) and *Moore v. C.I.R.*, 722 F.2d 193, 196 (5th Cir. 1984)).

[2] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

April 6, 2007, and October 7, 2007. The IRS denies the tax liabilities for tax years 2001 and 2000 are subject to discharge.

On February 27, 2012, the Mallos and the IRS filed a Statement of Undisputed Facts, and Cross-Motions for Summary Judgment.

**The Mallos' Motion for Summary Judgment**

The Mallos argue § 523(a)(1) creates three situations where a tax becomes nondischargeable: 1) if the tax is a priority tax, 2) if the return was not filed, or was filed within the two years prior to the filing of the Bankruptcy, or 3) if fraud has occurred. Moreover, the Mallos state the following three common factors permit discharge of a tax debt: 1) the tax return must have been due, including extension, more than three years prior to the bankruptcy petition; 2) the tax return must have been filed at least two years prior to the bankruptcy petition; and 3) the assessment of taxes must have occurred at least 240 days before the bankruptcy petition.[3]

The parties agree no fraud has been established in this case. Assuming the absence of fraud, the Mallos contend their tax debts for 2000 and 2001 are dischargeable because all of the three requirements have been met under § 507(a)(8), making the tax debts dischargeable under the factors set forth in § 523(a)(1).

**The IRS's Motion for Summary Judgment**

The IRS asserts it is entitled to a judgment determining a portion of Mrs. Mallo's 2000 income tax debt and all of Mr. Mallo's 2001 income tax debt are excepted from discharge because they are debts for which a return was not filed within the meaning of § 523(a)(1)(B)(i). The IRS argues the debts were determined by IRS examination and assessed long before either Debtor had filed a return for 2000 or 2001. Specifically, the IRS maintains Mrs. Mallo's 2000 income tax debt of $19,022, plus related interest, assessed against her before the submission of the joint Form 1040, is excepted from discharge.

The IRS does not assert Mr. Mallo's 2000 income tax debt, or the portion of Mrs. Mallo's 2000 income tax debt arising from the assessment of $4,576 made after the submission of the joint Form 1040, are excepted from discharge. In addition, the IRS does not contend the penalties associated with the Mallos' 2000 tax liabilities are excepted from discharge.

---

[3] The Mallos' Motion for Summary Judgment, p. 5, citing § 507(a)(8).

The IRS argues tax assessments arising from an IRS deficiency determination, unaided by taxpayer cooperation, fall in the same category as returns filed under 26 U.S.C. § 6020(b), which are not dischargeable under § 523(a)(19). However, citing Judge Brooks' *Wogoman* opinion,[4] the IRS maintains an additional debt attributable to a late-filed return which reflects an additional liability above the IRS's initial assessment may be discharged. Thus, under § 507(a)(8)(A), a tax liability for any given year can be divided into dischargeable and nondischargeable debts under § 523(a)(1)(B)(i). Further, the IRS states where a taxpayer files a late return, but does so before the IRS incurs the expense of making a deficiency determination and assessment, the tax may be dischargeable. Similarly, if the taxpayer files a post-assessment return reflecting an additional amount of tax, the previously unassessed portion of the tax could be dischargeable.

The IRS contends for the 2000 tax year, the Mallos' filing of a joint return resulted in Mr. Mallo being liable for a previously unassessed tax liability (the original assessment against Mrs. Mallo of $19,022 and the additional tax assessment of $4,576), and Mrs. Mallo being liable for the additional tax assessment of $4,576. In addition, the IRS states for 2001, although the submission of the joint return reduced the Mallos' total liability, the joint filing status resulted in Mrs. Mallo being liable for the previously unassessed tax liability of the Mallos' entire current 2001 income tax debt.[5]

The IRS points out the Mallos failed to file tax returns for their 2000 and 2001 liabilities until 2007, several years after the returns were due and well after the IRS had completed its deficiency determinations, assessed the tax, and begun collection efforts. Relying on the Sixth Circuit's analysis in *In re Hindinlang*,[6] the IRS argues the Mallos' returns would not be considered "returns" for purposes of § 523(a)(1)(B)(i) because they did not represent an honest and reasonable attempt to satisfy tax law requirements. Further, according to the IRS, § 523(a)(19), added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") prevents the discharge of

---

[4] *Wogoman v. Internal Revenue Service (In re Wogoman)*, 2011 WL 3652281 (Bankr. D. Colo. August 19, 2011).

[5] Again using Judge Brooks' *Wogoman* analysis, the IRS noted these previously unassessed tax liabilities may be dischargeable, although the Mallos waited several years from the time their returns were due to produce information leading to the assessments, and despite the fact that the submission of the 2001 joint return reduced Mallos' total liability, because these tax debts arise from the returns and not the IRS's examination.

[6] *In re Hindenlang*, 164 F.3d 1029, 1034-35 (6th Cir. 1999). The IRS also cites *In re Payne*, 431 F.3d 1055 (7th Cir. 2005).

debts arising from assessments previously made by the IRS, for which returns are later filed.

Accordingly, the IRS seeks a judgment excepting from discharge Mrs. Mallo's 2000 income tax debt, with the exception of that portion arising from the $4,576 assessed after Mallos submitted a 2000 tax return, and Mr. Mallo's entire 2001 income tax debt, excluding the penalties associated with those debts.

## DISCUSSION

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7] The burden for establishing entitlement to summary judgment rests on the movant.[8] Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[9] A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[10] When reviewing motions for summary judgment, the Court must view the record in the light most favorable to the non-moving party.[11]

In the case at bar, the parties do not dispute the material facts. Rather, they dispute whether the tax debts at issue are within the statutory boundaries of nondischargeability.

The difficulty with the Mallos' argument is § 507 does not specifically address whether a tax is dischargeable in all circumstances, but whether it is nondischargeable as a priority tax. Even if a tax is not exempt from discharge because it is a priority tax, it may still be exempt from discharge for other reasons under § 523. In these cross-motions for summary judgment, the issue is not whether the taxes are nondischargeable as priority taxes or due to fraud. The limited issue is whether the returns filed by the Mallos in 2007, following

---

[7] FED. R. CIV. P. 56, (as incorporated by FED. R. BANKR. P. 7056); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

[8] *Celotex*, 477 U.S. at 323.

[9] *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968)).

[11] *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

assessment of the taxes in 2005, constitute "returns" for the purposes of dischargeability under § 523(a)(1)(B)(i).

This is the precise issue considered in the appeal of the *Wogoman* decision rendered by the United States Bankruptcy Appellate Panel for the Tenth Circuit ("BAP"). On July 3, 2012, the BAP affirmed the Bankruptcy Court's finding the tax debts in question were nondischargeable under § 523(a)(1)(B)(i).[12] This Court, for the reasons discussed below, adopts the BAP's reasoning and makes a similar finding here.

Section 523(a)(1)(B)(i) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>> (1) for a tax or a customs duty--
>>
>>> (B) with respect to which a return, or equivalent report or notice, if required--
>>>
>>>> (i) was not filed or given. . .[13]

In addition, § 523(a)(19) states:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or similar State or local law.[14]

---

[12] *Wogoman v. Internal Revenue Service (In re Wogoman)*, 475 B.R. 239 (10th Cir. B.A.P. 2012). The mandate for this decision issued July 19, 2012.

[13] § 523(a)(1)(B)(i).

[14] § 523(a)(19). This section is technically a "hanging paragraph" following § 523(a)(19).

The Internal Revenue Code provides the IRS may prepare a return with the assistance of the taxpayer, pursuant to 26 U.S.C. § 6020(a). When such a return is signed by the taxpayer, it constitutes a return filed by the taxpayer.[15] By contrast, 26 U.S.C. § 6020(b) provides:

> (b) Execution of return by Secretary.--
>
> (1) Authority of Secretary to execute return.–If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.
>
> (2) Status of returns.–Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.[16]

In *Wogoman*, the BAP was asked to determine whether a tax return filed seventeen months after the IRS had determined and assessed taxes for the period in question constituted a "return" for purposes of dischargeability under § 523(a)(1)(B)(i).[17] In affirming the Bankruptcy Court's holding the tax debt was nondischargeable, the BAP employed three alternate tests to determine dischargeability under § 523(a)(1)(B)(i).

First, the BAP noted prior to the effective date of BAPCPA, courts generally found liabilities based on returns filed after assessment to be nondischargeable unless such returns: 1) purported to be returns; 2) were executed under penalty of perjury; 3) contained sufficient data to allow computation of tax; and 4) represented an honest and reasonable attempt to satisfy the requirements of

---

[15] See 26 U.S.C. § 6020(a), which provides:

(a) Preparation of return by Secretary.–If any personal shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation there, then, and in that case, the Secretary may prepare such return, which being signed by such person, may be received by the Secretary as the return of such person.

[16] 26 U.S.C. § 6020(b).

[17] *Wogoman*, 475 B.R. at 241.

the tax law.[18] The BAP agreed with the four circuit courts which concluded filing a Form 1040 after assessment did not constitute an honest and reasonable attempt to satisfy tax law requirements since it no longer served any purpose under the tax law.[19] Moreover, the BAP found the appellants' contention they were not aware their delinquent returns were delinquent lacked credibility, since they had been alerted to the need to file a tax return several years before they filed it.[20]

Second, the *Wogoman* Court declined to adopt a *per se* rule, based on the the "hanging paragraph" following § 523(a)(19), that a late filed return "can never lead to discharge unless it falls within the "safe harbor, *i.e.*, is prepared pursuant to 26 U.S.C. § 6020(a) or similar provision."[21] Rather, the BAP pointed out the case before it did not involve a mere late tax return, but a return filed after the IRS had determined the debtors' tax liability, given notice of deficiency, assessed the taxes, and commenced collection. Therefore, regardless of whether the "hanging paragraph" adopted with BAPCPA created such a *per se* rule, the debtors' post-assessment return did not meet applicable filing requirements under the first sentence of the "hanging paragraph."[22]

Lastly, the BAP discussed the IRS's argument that assessment, not mere filing of a late return, could create a dividing line between dischargeable and nondischargeable liabilities under § 523(a)(1)(B)(i). The BAP recognized such a rule would be logical and easy to administer.[23] However, the BAP noted no court has adopted the IRS's suggested interpretation, and instead relied on the circumstances in the case before it to determine the debtors did not satisfy the

---

[18] *Id.* at 245 (citing *In re Hindenlang*, 164 F.3d 1029, 1033 (6th Cir. 1999) and cases cited therein).

[19] *Id.* at 246-47 (citing, in addition to *Hindenlang*, *In re Payne*, 431 F.3d 1055 (7th Cir. 2005); *Moroney v. United States (In re Moroney)*, 352 F.3d 902 (4th Cir. 2003); and *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000)). The BAP noted the Eighth Circuit found differently in *In re Colsen*, 446 F.3d 836 (8th Cir. 2006), but found more persuasive the Sixth, Fourth, Ninth, and Seventh Circuits' conclusion that late filing was relevant as to whether a return represented an honest and reasonable attempt to satisfy tax law.

[20] *Id.* at 247-48.

[21] *Id.*, at 249 (discussing *In re McCoy*, 666 F.3d 924 (5th Cir. 2012)).

[22] *Id.* at 250.

[23] *Id.*

"hanging paragraph's" requirement for a return to satisfy the requirements of applicable nonbankruptcy law.[24]

Here, the Mallos knew their tax returns were delinquent because they were sent notices of deficiency before the taxes were assessed.[25] They did not file challenges to the notices of deficiency.[26] Moreover, the 2000 and 2001 taxes were assessed on July 11, 2005, and July 10, 2006, but the Mallos did not file a Form 1040 with respect to 2000 and 2001 until April 6, 2007, and October 7, 2007.[27]

Synonymous with the discussions in *Hindenlang* and its progeny, the 2007 returns filed by the Mallos do not represent an honest and reasonable attempt to comply with tax law. Rather, they are belated attempts to create a record of compliance when none really exists, long after the IRS had filed substitutes for returns and provided notices of deficiency. "[T]o belatedly accept responsibility for one's tax liabilities, only when the IRS has left one with no other choice, is hardly how honest and reasonable taxpayers attempt to comply with the tax code."[28]

Similar to the debtors in *Wogoman*, the Mallos did not simply file a late tax return. Rather, they filed their returns long after the IRS had determined liability, provided notices of deficiency and assessed the taxes. Therefore, even in the absence of a *per se* rule that a debt based on a late return can never be discharged, the returns here did not satisfy the requirements of applicable nonbankruptcy law (*i.e.* the Internal Revenue Code) under § 523(a)(19)'s "hanging paragraph." For these reasons, the Mallos' 2007 filings do not constitute returns under any of the three analyses used in *Wogoman*, and the subject taxes are therefore excepted from discharge under § 523(a)(1)(B)(i).

IT IS THEREFORE ORDERED the IRS's Motion for Summary Judgment is GRANTED, and judgment shall enter in favor of the IRS, finding Mrs. Mallo's 2000 income tax debt, in the amount of $19,022.00 (excluding the $4,576.00 assessed after the Mallos submitted a 2000 Form 1040), and Mr. Mallo's entire 2001 income tax debt, in the amount of $34,464.00, are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i).

---

[24] *Id*. at 251.

[25] Joint Stipulation of Undisputed Facts, at ¶¶ 3 and 4.

[26] *Id.* at ¶ 5.

[27] *Id*. at ¶¶ 6 and 7.

[28] *Moroney v. United States (In re Moroney)*, 352 F.3d 902, 906 (4th Cir. 2003).

IT IS FURTHER ORDERED the penalties associated with these debts are dischargeable.

IT IS FURTHER ORDERED the Mallos' Motion for Summary Judgment is DENIED.

Dated January 3, 2013                    BY THE COURT:

                                         _____
                                         Michael E. Romero
                                         United States Bankruptcy Judge